UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

    *Plaintiff,*

v.

KIM FARRIS,

    *Defendant.*

_____/

Case No. 1:22-cv-10349

District Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

### REPORT AND RECOMMENDATION ON DEFENDANT KIM FARRIS' MOTION TO DISMISS (ECF No. 17)

**I.   RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DENY** Defendant Kim Farris' motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (ECF No. 17).

**II.   REPORT**

   **A.   Procedural and Factual Background**

On February 8, 2022, Plaintiff Bryan Cary ("Cary"), a Michigan Department of Corrections ("MDOC") prisoner then housed at the Macomb Correctional Facility ("MRF") in Lenox, Michigan, filed suit in this Court, alleging violations of his Eighth Amendment rights under 42 U.S.C. § 1983.

Cary alleges that due to a "huge" arachnoid cyst,[1] he experienced "blinding headaches, nausea, and blackouts" in 2021.  (ECF No. 1, PageID.5).  He alleges that in

---

[1] My.clevelandclinic.org defines an arachnoid cyst as "a noncancerous fluid-filled sac that grows on the brain or spinal cord." https://my.clevelandclinic.org/ health/articles/6023-arachnoid-cysts (last visited July

1

response to his complaints of pain, Defendant Kim Farris ("Farris"), a P.A. working at MRF, prescribed only Tylenol and Motrin. (*Id*. at PageID.7). He alleges that he "explained for <u>months</u> that those medications did nothing for the pain" but that in response, Farris "canceled" his medication and "refused further examination or treatment." (*Id*.). He alleges that the headaches "last days," and in one instance as a result of the condition, he "passed out and busted [his] head open." (*Id*. at PageID.8).

He requests monetary damages of $10,000 and "some kind of treatment." (*Id*.).

B.     **Standard of Review**

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable,"

---

8, 2022). "Symptoms include headaches and seizures, but many arachnoid cysts don't cause symptoms. Treatment isn't always necessary. Providers drain or remove cysts that cause symptoms. Untreated, arachnoid cysts can cause brain damage and movement problems." *Id.*

however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

Because Plaintiff filed his complaint *pro se*, his pleadings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### C. Analysis

### 1. Cary's Failure to Respond

Despite this Court's order to do so, Plaintiff has not filed a response to the present motion. "The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss alone constitutes a sufficient ground for granting the motion." *Simmons v. City of Trenton*, No. 2:20-CV-12355, 2021 WL 6882421, at *2 (E.D. Mich. Oct. 25, 2021) (Altman, M.J.), *report and recommendation adopted sub nom. Simmons v. Michigan*, No. 20-12355, 2022 WL 157819 (E.D. Mich. Jan. 18, 2022). "[T]he Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute" *id.* (citing *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), but "has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion." *Id.* (citing *Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989) (unpublished table decision) (opposition to motion to dismiss deemed waived by failure to respond).

3

"But even if the failure to respond was a sufficient ground for dismissal, there is no reason to believe that a district court *must* grant a dispositive motion on that ground." *LaDrigue v. City of Bay City*, No. 1:19-CV-11196, 2022 WL 1205000, at *7 (E.D. Mich. Apr. 22, 2022) (Ludington, J.). Where the "'plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court *may* deem the plaintiff to have waived opposition to the motion.'" *Id.* (quoting *Scott*, 1989 WL 72470 at *2) (emphasis added by *LaDrigue*).² Other courts have held that the lack of response to a motion to dismiss does not discharge the defendant's burden to show that he has failed to state a claim. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver*, 946 F.2d at 454-55 (6th Cir. 1991); *Chambers v. Rutledge*, No. 1:17-CV-539, 2017 WL 6766308, at *2 (W.D. Mich. Nov. 13, 2017) ("[T]he Court cannot grant the motion simply because Chambers has not filed an answer" but rather, "must examine the motion to determine whether the moving party has met its burden."). The Court therefore reviews the sufficiency of Cary's claim on its merits.

2. **The Merits of the Complaint**

In favor of dismissal, Farris argues that Cary "has failed to allege facts with any particularity" demonstrating a violation of his Eighth Amendment rights. (ECF No. 17, PageID.103). Farris contends that the Complaint "sets forth no facts regarding [her] alleged involvement" in Cary's medical care or that "the alleged cyst" has ever been

---

²At present, a dismissal for failure to prosecute is also not appropriate. On June 13, 2022, the undersigned ordered Cary to respond to the present motion. (Docket #18). But as this writing, Cary has not been warned that his failure to respond could result in a recommendation for dismissal under Fed. R. Civ. P. 41(b). *See LaDrigue*, 2022 WL 1205000, at *6 (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

4

diagnosed by a healthcare expert. (*Id*. at PageID.115-116). She contends further that the Complaint fails to allege that Farris had "knowledge of any sort of diagnosis" or when the alleged constitutional violation occurred. (*Id*. at PageID.116).

To prevail on a § 1983 claim, a plaintiff must demonstrate that (1) the conduct about which he or she complains was committed by a person acting under color of state law[3] and (2) that the conduct deprived him or her of a federal constitutional or statutory right. 42 U.S.C. § 1983 (2012). Additionally, a plaintiff must establish an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). To demonstrate an affirmative link, a plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id*. at 375; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

"The Eighth Amendment protects an inmate from "cruel and unusual punishments . . . which includes a right to be free from deliberate indifference to an inmate's serious medical needs." *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021) (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). "A deliberate-indifference claim under the Eighth Amendment has an objective and a subjective component." *Id*. (internal citations omitted). "To meet the objective component, the plaintiff must show

---

[3] Farris does not dispute that as a P.A. employed by either the MDOC or a private entity providing medical care to incarcerated individuals she would be acting under color of state law. "As . . . members of the medical staff at a state prison facility, the defendants acted under color of state law by virtue of their positions." *King v. Scutt*, No. 13-11623, 2017 WL 1173765, at *3 (E.D. Mich. Mar. 30, 2017) (Lawson, J.).

that the medical need is sufficiently serious." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

Farris argues that Cary has failed to allege that his brain cyst has been diagnosed by a healthcare expert and thus has not pled the objective prong of his Eighth Amendment claim. (ECF No. 17, PageID.115-116). However, a diagnosis showing the need for treatment is only one of two ways to demonstrate that a condition is "sufficiently serious," the other being a condition "so obvious that even a lay person" would see that the need for medical treatment. *Harrison* at 518. Cary's allegations of "black outs," "blinding headaches" lasting for days, the inability to move, vomiting, and sensitivity to light and sound resulting from the brain cyst, describe conditions obviously requiring medical treatment. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004) (objective prong met where the plaintiff alleged that he displayed "obvious manifestations of pain and injury" and "vomit[ing] - a clear manifestation of internal physical disorder."). Plaintiff has therefore alleged that his condition was sufficiently serious to meet the objective component of the Eighth Amendment claim.

"To meet the subjective component, the plaintiff must show that 'an official knew of and disregarded an excessive risk to inmate health or safety.'" *Brawner* 14 F.4th at 591 (citing *Farmer* at 511 U.S. at 837). The subjective component requires a plaintiff to show that "'each defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk

6

by failing to take reasonable measures to abate it.'" *Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605–06, 2022 WL 34785 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty., Kentucky,* 975 F. 3d 554, 566 ( 6th Cir. 2020)). "This is a high standard of culpability, 'equivalent to criminal recklessness.'" *Id.* (quoting *Griffith*, 975 F.3d at 558).

Farris contends that Plaintiff's acknowledgment that she provided medication for his headaches contradicts his claim that she did not provide treatment (ECF No. 17, PageID.115). However, the Complaint's factual allegations are not as deficient as Farris suggests. Cary does acknowledge that at some point, Farris prescribed Tylenol and Motrin (ECF No. 1, PageID.7), but goes on to allege that he "explained for months that those medications did nothing for the pain" and that in response, Farris "canceled" his medication and "refused further examination or treatment." (*Id*.). Assuming that Farris' prior administration of non-efficacious of treatment did not rise to the level of an Eight Amendment violation, Cary's repeated requests for medication to control of the symptoms, coupled with Farris' cancelation of the medication, refusal to provide him with any alternative treatment, *and* refusal to further treat him sufficiently alleges that she perceived facts showing a substantial risk to Cary's well-being, inferred the presence of a risk, yet affirmatively disregarded that risk. Cary's report of blackouts (indeed, he alleges that he sustained a head injury after blacking out on one occasion as a result of the condition), vomiting, headaches lasting for days, and light and sound sensitivity demonstrates an obvious need for medical intervention, evaluation, and treatment. *See Farmer,* 511 U.S. at 842 (subjective prong established where the condition requiring treatment or risk of harm "was obvious").

Because Plaintiff has sufficiently pled the elements of an Eighth Amendment deliberate indifference claim, the motion to dismiss should be denied.

### D. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY** Defendant Kim Farris' motion to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF No. 17).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response

8

proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 16, 2022    S/ PATRICIA T. MORRIS
　　　　　　　　　　　　　　　　Patricia T. Morris
　　　　　　　　　　　　　　　　United States Magistrate Judge