UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN CARY,

    *Plaintiff,*

v.

KIM FARRIS,

    *Defendant.*

_____/

Case No. 1:22-cv-10349

District Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 24)

I. **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that this Court **DENY WITHOUT PREJUDICE** Plaintiff's September 1, 2022 Motion for Summary Judgment. (ECF No. 24).

II. **REPORT**

   A. **Procedural and Factual Background**

On February 8, 2022, Plaintiff Bryan Cary ("Cary"), a Michigan Department of Corrections ("MDOC") prisoner then housed at the Macomb Correctional Facility ("MRF") in Lenox, Michigan, filed suit in this Court, alleging violations of his Eighth Amendment rights under 42 U.S.C. § 1983.

1

Cary alleges that due to a "huge" arachnoid cyst,[1] he experienced "blinding headaches, nausea, and blackouts" in 2021. (ECF No. 1, PageID.5). He alleges that in response to his complaints of pain, Defendant Kim Farris ("Farris"), a P.A. working at MRF, prescribed only Tylenol and Motrin. (*Id*. at PageID.7). He alleges that he "explained for <u>months</u> that those medications did nothing for the pain" but that in response, Farris "canceled" his medication and "refused further examination or treatment." (*Id*.). He alleges that the headaches "last days," and in one instance as a result of the condition, he "passed out and busted [his] head open." (*Id*. at PageID.8). He requests monetary damages of $10,000 and "some kind of treatment." (*Id*.).

On August 16, 2022, the undersigned recommended that Defendant Kim Farris' June 10, 2022 motion to dismiss be denied. (ECF Nos. 17, 21). That Report and Recommendation is now pending before the District Court.

**B.     Summary Judgment**

When a movant shows that "no genuine dispute as to any material fact" exists, the court will grant his motion for summary judgment. Fed. R. Civ. P. 56(a).

---

[1] My.clevelandclinic.org defines an arachnoid cyst as "a noncancerous fluid-filled sac that grows on the brain or spinal cord." https://my.clevelandclinic.org/health/articles/6023-arachnoid-cysts (last visited July 8, 2022). "Symptoms include headaches and seizures, but many arachnoid cysts don't cause symptoms. Treatment isn't always necessary. Providers drain or remove cysts that cause symptoms. Untreated, arachnoid cysts can cause brain damage and movement problems." *Id.*

2

In reviewing such a motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010).

### C.     Plaintiff's Motion Should be Denied as Premature

Plaintiff's submission, entitled "Motion for Summary Judgment," elaborates on the claims made in the Complaint. (ECF No. 24). In an affidavit (filed two weeks after the motion for summary judgment), he states that the arachnoid cyst was discovered and diagnosed by a physician in 2019. (ECF No. 24, PageID.137, ECF No. 26). He states that Farris was provided with evidence of the diagnosis. (*Id*.) He alleges that for a time, Farris provided him with treatment but later refused treatment despite his symptoms of headaches, nausea, and blackouts. (*Id*.) He states that he sustained head injuries during the blackouts. (*Id*.) He contends he is entitled to relief under Fed. R. Civ. P. 8(a)(2).

In response, Farris argues that Plaintiff fails to meet his burden of showing that he is entitled to judgment as a matter of law. (ECF No. 31, PageID.155). She points out that he has failed to provide any records establishing a serious medical condition. (*Id*. at PageID.156). She notes that in a later submission to the Court, Plaintiff "acknowledge[d] the need for discovery . . ." (*Id*.) (citing Plaintiff's Response to Farris' objection to Report and Recommendation) (ECF No. 25, PageID.140).

First, Plaintiff's reliance on Fed. R. Civ. P. 8(a)(2) in support of summary judgment is unavailing. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The fact

that the Complaint may have cleared this threshold requirement does not entitle him to judgment as a matter of law.

Further, Plaintiff's motion should be denied as premature. "A court may rule on a motion for summary judgment only after the nonmoving party has had 'adequate time for discovery.'" *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) (quoting *Celotex*, 477 U.S. at 322); *Martin v. Ohio Tpk. Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992) ("Summary judgment is appropriate if, *after an opportunity for discovery*, the moving party demonstrates that there is no genuine issue of material fact as to the existence of an element essential to the non-moving party's case and on which the non-moving party would bear the burden of proof at trial.") (emphasis added). Here, discovery has not begun and a motion to dismiss is pending. (ECF Nos. 17, 21). Plaintiff's motion can be denied on that basis alone.

### D. Conclusion

For the reasons discussed above, **I RECOMMEND** that this Court **DENY WITHOUT PREJUDICE** Plaintiff's September 1, 2022 Motion for Summary Judgment. (ECF No. 24).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may

5

serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 14, 2022                          S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge