UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRYAN CARY,

          Plaintiff,                          Case No. 1:22-cv-10349

v.                                             Honorable Thomas L. Ludington
                                                 United States District Judge

KIM FARRIS,

                                                 Honorable Patricia T. Morris
          Defendant.                       United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) DENYING DEFENDANT'S MOTION TO DISMISS**

     This matter is before this Court upon Defendant's objections to the Magistrate Judge's Report and Recommendation (R&R). On August 16, 2022, Magistrate Judge Patricia T. Morris issued a Report and Recommendation, ECF No. 21, recommending that Defendant's Motion to Dismiss, ECF No. 17, be denied. Defendant timely objected to the R&R. ECF No. 22. This Court has reviewed *de novo* those portions of the R&R to which Defendant has objected. For the reasons stated hereafter, Defendant's objections will be overruled and the R&R will be adopted.

**I.**

     On February 8, 2022, Plaintiff Bryan Cary, a Michigan prisoner, filed a *pro se* complaint against Defendant Kim Farris, a physician's assistant at Macomb Correctional Facility in Lenox, Michigan, alleging she violated his Eighth Amendment rights under 42 U.S.C. § 1983 by being deliberately indifferent to his medical needs.

     Specifically, Plaintiff alleges that in 2021 he reported "blinding headaches, nausea, and blackouts" caused by a "huge" arachnoid cyst, ECF No. 1 at PageID.5, but Defendant prescribed only Tylenol and Motrin, *id.* at PageID.7. Plaintiff adds that, in response to him "explain[ing] for

months that those medications did nothing for the pain," Defendant "canceled" his medication and "refused further examination or treatment." *Id.* So, he says, his headaches "last days," and once he "passed out and busted [his] head open." *Id.* at PageID.8. For injuries, Plaintiff seeks $10,000 and "some kind of treatment." *Id.*

In response, Defendant filed a motion to dismiss, arguing "Plaintiff has failed to allege facts with any particularity that demonstrate what Defendant Farris allegedly did to violate Plaintiff's constitutional rights." ECF No. 17 at PageID.103.

But Judge Morris issued an R&R finding that, liberally construed, the Complaint "sufficiently pled the elements of an Eighth Amendment deliberate indifference claim." ECF No. 21 at PageID.124, 129. Defendant objects that Judge Morris erred by not holding Plaintiff "to the requisite level of specificity required to plead a claim of deliberate indifference." ECF No. 22 at PageID.132.

As explain hereafter, Defendant's objection will be overruled, the R&R will be adopted, and Defendant's motion to dismiss will be denied.

## II.

### A.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, to reject, or to modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021).

**B.**

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court construes the pleading in the nonmovant's favor and accepts the allegations of facts as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

III.

A.

Defendant objects to only the level of specificity Judge Morris required for Plaintiff's deliberate-indifference claim. *See* ECF No. 22. Specifically, Defendant asserts the Complaint inadequately provides "no facts explaining how Defendant allegedly knowledge [sic] of Plaintiff's alleged brain cyst" or Defendant's role in Plaintiff's medical care. ECF No. 22 at PageID.132. Defendant adds that, because Plaintiff did not allege specific facts like his diagnosis date, when Defendant refused treatment, or how Defendant knew of his condition, Plaintiff has not met the pleading requirements in Federal Rule of Civil Procedure 8. *Id.* at PageID.133.

But Rule 8 does not require such facts; except jurisdiction and a relief demand, Rule 8 merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." is needed, *id.* at 8(a)(2).

And Plaintiff's Eighth Amendment deliberate-indifference claim requires him to show (1) he has serious medical needs (the objective component) and (2) the defendant knew of and disregarded an excess risk to the plaintiff's health or safety (the subjective component). *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021). As explained below, Plaintiff has alleged sufficient facts to satisfy both components.

B.

Defendant next argues Plaintiff needed to allege his diagnosis date, thus, failing the objective component. ECF No. 22 at PageID.133.

But that argument lacks merit. For the objective component, a serious medical need can be diagnosed or "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo*

- 4 -

*Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Here, Plaintiff alleges blackouts, vomiting, and severe sensitivity to light and sound that prevents him from completing routine tasks. *See* ECF No. 1 at PageID.5. He also reports that the pain caused him to pass out, to fall, and to hit his head. *Id.* at PageID.8. He further contends that he explained for months to Defendant that the medication she prescribed was ineffective, and that she should have given him at least some treatment. *See id.* at PageID.7–8. Taken as true, those facts satisfy the objective component. *See Blackmore*, 390 F.3d at 899 (6th Cir. 2004) (holding that a reasonable juror could conclude that the objective component is satisfied if a plaintiff vomited and complained of severe pain for two days); *see also Boone v. Stieve*, No. 1:12-CV-14098, 2022 WL 17094718, at *7 (E.D. Mich. Nov. 21, 2022) (requiring plaintiff to "argue that the medical care that Defendants provided was 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness'" (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005))).

Therefore, Plaintiff has sufficiently pled the objective component.

## C.

Defendant also argues Plaintiff has not pled that she had the requisite state of mind, thus, failing the subjective component. ECF No. 22 at PageID.132–33.

The subjective component requires the equivalent of "criminal recklessness." *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994)). That is, Plaintiff must allege that Defendant "subjectively perceived facts from which to infer substantial risk to [Plaintiff], that [s]he did in fact draw the inference, and that [s]he then disregarded that risk by failing to take reasonable measures to abate it." *Greene v. Crawford Cnty.*, 22 F.4th 593, 605–06 (6th Cir. 2022) (quoting *Griffith v. Franklin Cnty.*, 975 F.3d 554, 568 (6th

Cir. 2020)). Simply put, "it is enough that [Defendant] acted or failed to act despite [her] knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842 (citations omitted).

Here, Plaintiff alleges Defendant prescribed Motrin and Tylenol but ceased all treatment after months of continuous complaints. ECF No. 1 at PageID.7. As explained above, Plaintiff demonstrated the substantial risk of harm via vomiting, blackouts, and severe pain. *See* discussion *supra* Section III.B.

And he alleged Defendant knew of those symptoms. *See* discussion *supra* Part I. True, the only relevant communications Plaintiff explicitly alleges are months of complaints of ineffective prescription medications. *See* ECF No. 1 at PageID.7. But Plaintiff's *pro se* complaint must be liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Based on Plaintiff's allegations of severe pain, blackouts, vomiting, fainting that caused a head injury—and that he complained to Defendant for several months about his pain—a reasonable inference is that Plaintiff conveyed all this information to Defendant during their treatment conversations. In this way, a reasonable juror could conclude Defendant "failed to act despite her knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842 (citations omitted).

Even if Defendant was unaware of Plaintiff's other symptoms, a jury could still reasonably find that she was aware of a serious risk of harm to Plaintiff. Unrelenting complaints for two days, coupled with vomiting, are sufficient for a jury to find that the subjective component is met. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004). Here, Plaintiff alleges he explained "for MONTHS" that the medications were insufficient. ECF No. 1 at PageID.7. This allegation alone is also sufficient for a reasonable juror to conclude Defendant "failed to act despite her knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842 (citations omitted).

- 7 -

Because Plaintiff has pled sufficient facts for a deliberate-indifference claim, he satisfies the pleading elements under Federal Rules of Civil Procedure 8 and 12(b)(6). Consequently, Defendant's objection will be overruled, the R&R will be adopted, and Defendant's motion to dismiss will be denied.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Objection, ECF No. 22, is **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 21, is **ADOPTED**.

Further, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 17, is **DENIED**.

**This is not a final order and does not close this case**.

Dated: December 21, 2022
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge