**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRYAN CARY,

          *Plaintiff*,

*v.*

KIM FARRIS,

          *Defendant.*

_____/

CASE NO. 22-10349

DISTRICT JUDGE JONATHON J.C. GREY

MAGISTRATE JUDGE PATRICIA T. MORRIS

## <u>REPORT AND RECOMMENDATION TO DISMISS</u><br><u>FOR FAILURE TO PROSECUTE</u>

### I.     RECOMMENDATION

For the reasons stated below, I recommend dismissing this case this case *sua sponte* under Fed. R. Civ. P. 41(b) and Local Rule 41.2 for failure to prosecute.

### II.     REPORT

In this prisoner civil rights case, *pro se* Plaintiff Bryan Cary alleged that his Eighth Amendment rights were violated while he was housed at the Macomb Correctional Facility ("MRF") in Lenox, Michigan.

On January 4, 2023, the Court issued a scheduling order setting May 12, 2023 as the deadline to complete discovery and June 16, 2023, as the deadline for dispositive motions. (ECF No. 36, PageID.177.) Defendant served her First Set of Interrogatories and Request for Production of Documents on January 6, 2023. (ECF No. 37, PageID.180.) On March 1, 2023, Defendant sent Plaintiff a follow-up letter regarding

1

Plaintiff's failure to respond to Defendant's discovery request, along with a courtesy copy of the requests, and requested a response by March 7, 2023. (*Id.*) Plaintiff did not serve a response to the requests or to Defendant's letter. On March 9, 2023, the Court directed Cary to file a response to Defendant's motion to compel on or before March 23, 2023. (ECF No. 38, PageID.202.) In addition, Defendant had filed documents outlining unsuccessful attempts to communicate with Plaintiff resulting in the granting of a motion to compel (ECF No. 41) and an Order to Show Cause why this case should not be dismissed for failure to prosecute. (ECF No. 43.) It appeared from the documents submitted that Plaintiff had absconded from parole. (ECF No. 42, PageID.214.) In the Order to show cause, the Court warned Plaintiff that failure to respond to the show cause could result in a recommendation to dismiss the complaint. (ECF No. 43.) To date, Plaintiff has not responded in any fashion or to any of the requests or Orders.

Federal Rule of Civil Procedure 41(b) grants federal courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370

U.S. 626, 631 (1962)).

Local Rule 41.2 mirrors the federal rule, providing that if "the parties have taken

no action for a reasonable time, the court may, on its own motion after reasonable notice

or on application of a party, enter an order dismissing or remanding the case unless good

cause is shown." E.D. Mich. LR 41.2.

The Sixth Circuit employs four factors to determine whether a case should be

dismissed for want of prosecution pursuant to Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2)
> whether the adversary was prejudiced by the dismissed party's conduct; (3)
> whether the dismissed party was warned that failure to cooperate could lead
> to dismissal; and (4) whether less drastic sanctions were imposed or
> considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

Regarding the first factor, Plaintiff has pursued his case until several months ago.

His current inactive status in the case is, however, definitely due to his own fault since he

has failed to update the court as to his address and has failed to take any action in the case

since he was paroled and later absconded. Consequently, the first factor weighs in favor

of dismissal.

Regarding the second factor, Defendant is prejudiced by Plaintiff's abandonment

of the case. As to third factor, since Plaintiff not only abandoned the case but also

absconded, the Court had no occasion to provide any further warnings.

Consequently, I am unpersuaded that a sanction short of dismissal would be

appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir.

2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available."). The fourth factor therefore weighs in favor of dismissal.

Thus, all four factors support dismissing Plaintiff's case and I recommend dismissal for failure to prosecute. See, *Lowther v. Blackman*, 2020 WL 1191074, at *3 (W.D. Mich. Feb. 18, 2020)(where plaintiff abandoned case and absconded from parole, the case would be dismissed for failure to prosecute under 41(b)).

Consequently, I **RECOMMEND DISMISSING** this case *sua sponte* under Fed. R. Civ. P. 41(b) and Local Rule 41.2 for failure to prosecute.

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The

parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 25, 2023                       S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge